IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 23-30067-hcm |
| A&R CHAVIRA, LLC, | § | |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

# NEXTGEAR CAPITAL, INC,'S MOTION FOR RELIEF FROM AUTOMATIC STAY REGARDING MOTOR VEHICLE INVENTORY

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 14 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

NextGear Capital, Inc. ("NextGear"), files this its Motion for Relief from Automatic Stay Regarding Motor Vehicle Inventory (the "Motion"), and in support thereof would respectfully show the Court the following:

## I.
## Jurisdiction

1. This is a proceeding under Bankruptcy Rules 4001 and 9014, seeking relief under Sections 362(d) and 1301(c) of the Bankruptcy Code. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. Section 1334 and Sections 105 and 362 of the Bankruptcy Code. This is a core proceeding under 28 U.S.C. Section 157(b)(2)(G) and (O).

2. A&R Chavira, LLC ("Debtor") initiated the current Chapter 11 bankruptcy petition in the El Paso Division of the Western District of Texas on January 24, 2023 (the "Petition Date") as Case No. 23-30067. Debtor's schedules have not yet been filed.

## II.
## Facts

3. NextGear is in the business of providing secured financing to car dealers through which those car dealers may finance some or all of their inventory held for resale to retail consumers ("floor plan financing"). NextGear extended a credit line to Debtor, and to evidence its obligations to NextGear, Debtor executed and delivered a Demand Promissory Note and Loan and Security Agreement (the "Note").[1]

4. Pursuant to the terms of the Note, Debtor granted to NextGear a perfected, first-priority blanket security interest in all personal property assets of the Debtor, including but not limited to the Debtor's motor vehicle inventory ("Inventory Collateral"). The Inventory Collateral includes but is not limited to the following motor vehicle inventory financed by NextGear under the Note:

| Stk# | Vehicle Description | VIN |
|---|---|---|
| 272 | 2010 Audi S4 | WAUBGAFL3AA027326 |
| 274 | 2016 Ford F150 | 1FTEX1CP2GKE56144 |
| 275 | 2015 Cadillac Escalade | 1GYS3BKJ7FR229663 |
| 278 | 2021 Toyota Prius | JTDKAMFU9M3148515 |
| 279 | 2017 Ram 1500 | 1C6RR7NM9HS881600 |
| 283 | 2017 Volkswagen Tiguan | WVGAV7AX5HK049135 |
| 290 | 2016 Yamaha YXZ1 | 5Y4AN03Y5GA103529 |
| 292 | 2018 Subaru WRX | JF1VA1C60J9817948 |
| 295 | 2017 Hyundai Accent | KMHCT4AE9HU300495 |
| 296 | 2015 Chrysler 200 | 1C3CCCAB3FN617303 |
| 297 | 2014 Ram 1500 | 1C6RR7LT8ES407515 |
| 298 | 2012 Chrysler 300 | 2C3CCADT7CH253335 |
| 299 | 2021 Volkswagen Golf | 3VWG57AU6MM011790 |
| 300 | 2019 Dodge Grand Caravan | 2C4RDGCG6KR585480 |
| 301 | 2015 Jeep Compass | 1C4NJCBB6FD431463 |
| 303 | 2017 Honda Civic | 2HGFC2F76HH529754 |
| 305 | 2012 Audi A4 | WAUBFAFL7CN015940 |
| 306 | 2017 Mazda Mazda6 | JM1GL1W56H1120700 |
| 307 | 2016 Ford Fusion | 3FA6P0HD4GR115889 |

---

[1] A true and correct copy of the Note is attached hereto as Exhibit "A."

| 308 | 2014 Nissan Pathfinder | 5N1AR2MN4EC727302 |
| 309 | 2012 Land Rover Range Rover | SALSF2D42CA753309 |
| 310 | 2014 Audi A7 | WAU2GAFC8EN095605 |
| 312 | 2011 Audi Q7 | WA1LGAFE2BD002789 |

(collectively, the "Remaining Inventory").

5. NextGear's first-priority security interest in the Inventory Collateral, including the Remaining Inventory, is evidenced by the following documents:

    a. A Demand Promissory Note and Loan and Security Agreement dated April 26, 2018 (as before, the "Note"), executed by Debtor and NextGear. A true and correct copy of the Note is attached hereto as **Exhibit A**.

    b. A UCC-1 Financing Statement filed with the Texas Secretary of State on April 26, 2018, which was assigned file number 18-0014649972. A true and correct copy of the UCC-1 Financing Statement along with all amendments thereto is attached hereto as **Exhibit B**.

    c. A Receivable Detail Summary dated February 7, 2023, which identifies the vehicles currently floor planned by the Debtor with NextGear that remain unpaid, and which further identifies the dates that each item of Remaining Inventory was specifically floor planned for the Debtor by NextGear. A true and correct copy of the Receivable Detail Summary is attached hereto as **Exhibit C**.

6. The Receivable Detail Summary lists each of the Remaining Inventory vehicles which the Parties agreed to place on the Debtor's floorplan and for which the original title was tendered by Debtor to NextGear as security.

7. Subsequent to the Petition Date, NextGear determined that certain Remaining Inventory was either missing from Debtor's sales lot or had been sold out of trust to third parties.

Specifically, NextGear's lot auditors have confirmed that eleven (11) of the Remaining Inventory vehicles coded as "CUV"[2] and "CV"[3] under the "VS" column of the Receivable Detail Summary were missing from Debtor's lot and are listed as follows (the "Missing Vehicles"):

| Stk# | Vehicle Description | VIN |
|---|---|---|
| 279 | 2017 Ram 1500 | 1C6RR7NM9HS881600 |
| 290 | 2016 Yamaha YXZ1 | 5Y4AN03Y5GA103529 |
| 292 | 2018 Subaru WRX | JF1VA1C60J9817948 |
| 298 | 2012 Chrysler 300 | 2C3CCADT7CH253335 |
| 299 | 2021 Volkswagen Golf | 3VWG57AU6MM011790 |
| 300 | 2019 Dodge Grand Caravan | 2C4RDGCG6KR585480 |
| 301 | 2015 Jeep Compass | 1C4NJCBB6FD431463 |
| 303 | 2017 Honda Civic | 2HGFC2F76HH529754 |
| 305 | 2012 Audi A4 | WAUBFAFL7CN015940 |
| 309 | 2012 Land Rover Range Rover | SALSF2D42CA753309 |
| 312 | 2011 Audi Q7 | WA1LGAFE2BD002789 |

Per paragraph 4(b) of the Note, all Remaining Inventory financed by NextGear is required to remain on Debtor's sales lot,[4] and it is a violation for Debtor or anyone else to remove or transfer the Remaining Inventory to any other location without NextGear's prior, written consent for a period exceeding twenty-four (24) hours. To be clear, NextGear did not consent to the removal or transfer of the Missing Vehicles.

8. In addition, NextGear has further determined that Debtor has sold the following two (2) Remaining Inventory vehicles out of trust for which the sales proceeds have not been paid to NextGear (the "SOT Vehicles"):

| Stk# | Vehicle Description | VIN |
|---|---|---|
| 272 | 2010 Audi S4 | WAUBGAFL3AA027326 |
| 274 | 2016 Ford F150 | 1FTEX1CP2GKE56144 |

---

[2] The term "CUV" in the Receivable Summary Detail is defined as "Collateral Unverified" and means the vehicle could not be located on Debtor's lot or anywhere else.
[3] The term "CV" in the Receivable Summary Detail means the vehicle has been located somewhere other than on Debtor's sales lot.
[4] Paragraph 4(b) of the Note requires all "Lender Financed Inventory" at "Borrower's Place of Business," which is defined as "the primary place where the collateral and Borrower's books and records are kept, and where Borrower's operations are conducted."

The Receivable Detail Summary identifies these two SOT Vehicles as "SAU" under the "VS" column of the report, indicating these SOT Vehicles were "sold and unpaid" by Debtor.

9. The indebtedness under the Note has not been repaid and NextGear retains its lien on the Inventory Collateral, including the Remaining Inventory and all proceeds thereof.

10. As shown by the Receivable Summary Detail, as of February 7, 2023, the amount due and owing under the Note totals $273,819.95 (the "Indebtedness").

11. The Inventory Collateral, including but not limited to the Remaining Inventory, secures the entire Indebtedness, and not merely a portion thereof.

12. The value of the Remaining Inventory, other than the SOT Vehicles, is approximately $271,450.00, as shown in more detail below:

| Stk# | Vehicle Description | VIN | Market Value |
|---|---|---|---|
| 275 | 2015 Cadillac Escalade | 1GYS3BKJ7FR229663 | $24,600.00 |
| 278 | 2021 Toyota Prius | JTDKAMFU9M3148515 | $23,100.00 |
| 279 | 2017 Ram 1500 | 1C6RR7NM9HS881600 | $27,800.00 |
| 283 | 2017 Volkswagen Tiguan | WVGAV7AX5HK049135 | $14,100.00 |
| 290 | 2016 Yamaha YXZ1 | 5Y4AN03Y5GA103529 | $12,150.00 |
| 292 | 2018 Subaru WRX | JF1VA1C60J9817948 | $19,350.00 |
| 295 | 2017 Hyundai Accent | KMHCT4AE9HU300495 | $5,900.00 |
| 296 | 2015 Chrysler 200 | 1C3CCCAB3FN617303 | $5,975.00 |
| 297 | 2014 Ram 1500 | 1C6RR7LT8ES407515 | $15,800.00 |
| 298 | 2012 Chrysler 300 | 2C3CCADT7CH253335 | $4,775.00 |
| 299 | 2021 Volkswagen Golf | 3VWG57AU6MM011790 | $21,200.00 |
| 300 | 2019 Dodge Grand Caravan | 2C4RDGCG6KR585480 | $15,300.00 |
| 301 | 2015 Jeep Compass | 1C4NJCBB6FD431463 | $7,025.00 |
| 303 | 2017 Honda Civic | 2HGFC2F76HH529754 | $15,100.00 |
| 305 | 2012 Audi A4 | WAUBFAFL7CN015940 | $6,150.00 |
| 306 | 2017 Mazda Mazda6 | JM1GL1W56H1120700 | $13,000.00 |
| 307 | 2016 Ford Fusion | 3FA6P0HD4GR115889 | $7,575.00 |
| 308 | 2014 Nissan Pathfinder | 5N1AR2MN4EC727302 | $4,050.00 |
| 309 | 2012 Land Rover Range Rover | SALSF2D42CA753309 | $9,450.00 |
| 310 | 2014 Audi A7 | WAU2GAFC8EN095605 | $15,050.00 |
| 312 | 2011 Audi Q7 | WA1LGAFE2BD002789 | $4,000.00 |

This valuation is based on the Manheim Market Report ("MMR") values of the Remaining

Collateral.

13. The Inventory Collateral, including the Remaining Inventory, continues to depreciate. Further, if the Missing Vehicles are not properly stored or secured, the Missing Vehicles may experience additional depreciation or loss in value due to fire, theft, improper storage, improper maintenance, or vandalism. It is also unknown whether valid insurance coverage applies to the Missing Vehicles if such Missing Vehicles are stored at a location other than Debtor's sales lot.

14. The delay in payment with respect to the sales proceeds associated with the SOT Vehicles is prejudicial to NextGear.

### III.
### Relief from Stay

16. By reason of the foregoing, NextGear requests the Court terminate the automatic stay so NextGear may exercise all of its rights and remedies against the Remaining Inventory under state law, including, <u>inter alia</u>, foreclosing its ownership and/or first priority security interests in the Remaining Inventory.

17. Under Section 362(d)(1), upon request and after notice and hearing, the bankruptcy court shall lift the automatic stay "for cause." *11 U.S.C.* § 362(d)(1). A court shall grant relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest[.]" 11 U.S.C. § 362(d)(1). "Cause" is not defined in title 11, which therefore requires bankruptcy courts to determine whether cause exists on a case-by-case basis. *In re Reitnauer*, 152 F.3d 341, 343, n.4 (5th Cir. 1998).

18. Cause exists to lift the automatic stay pursuant to 11 U.S.C. §362(d)(1) as to the Remaining Inventory because: (1) Debtor has sold the SOT Vehicles out of trust and has improperly retained the sales proceeds that Debtor should have otherwise forwarded to NextGear

within twenty-four (24) hours of receipt per paragraph 4(f) of the Note; (2) the Missing Vehicles are at risk of being sold out of trust unless NextGear takes immediate action to secure their possession; (3) NextGear is unable to verify whether the Missing Vehicles are being properly stored and maintained; (4) it is unclear whether valid and effective insurance coverage exists as to the Missing Vehicles since they were improperly removed from Debtor's lot contrary to the terms of the Note; (5) the Remaining Inventory continues to depreciate while it remains in Debtor's possession, custody, and control; and (6) Debtor's conduct jeopardizes and irreparably harms NextGear's security interest securing the Indebtedness under the Note since each Remaining Inventory vehicle that is sold out of trust extinguishes NextGear's security interest in same. Alternatively, NextGear requests entry of an order granting NextGear sufficient adequate protection that places stringent conditions and restrictions on Debtor's possession, use, storage, and sale of the Remaining Inventory. Since time is of the essence in locating and securing the Missing Vehicles, NextGear intends to seek an expedited hearing of this Motion.

19. Stay relief is also requested pursuant to 11 U.S.C. §362(d)(2) of the Bankruptcy Code. The Debtor has not equity interest in the Remaining Inventory, as the Indebtedness amount exceeds the fair market value of the Remaining Inventory vehicles. Further, the Remaining Inventory is not necessary for an effective reorganization. Thus, stay relief is appropriate under 11 U.S.C. § 362(d).

20. NextGear requests that an order granting its motion for relief from automatic stay, if such order should be entered, will be effective immediately upon entry and that the provisions of Rule 4001(a)(3) should be waived and NextGear be permitted to immediately enforce and implement the order granting relief from the automatic stay.

## IV.
## CONCLUSION AND REQUEST FOR RELIEF

For the reasons stated herein, NextGear requests entry of the Order Lifting Automatic Stay As To Motor Vehicle Inventory, or alternatively, should a hearing be necessary, that this matter be set for hearing, if no objection is timely filed, as provided in Sections 362(e) and 1301(d) of the Bankruptcy Code, and that the Court enter the attached proposed Order Lifting Automatic Stay Regarding Motor Vehicle Inventory granting NextGear relief from the Automatic Stay to permit NextGear to foreclose its lien on the Remaining Inventory as prayed for in this motion, grant NextGear adequate protection prior to the confirmation of any Chapter 11 Plan by the Debtor as a result of Debtor's continued use and possession of the Remaining Inventory, and grant to NextGear such other and further relief to which it may be justly entitled. NextGear reserves all rights and remedies with respect to other collateral subject to its blanket lien that is not otherwise referenced or addressed this Motion.

        **Respectfully submitted,**

        PADFIELD & STOUT, L.L.P.
        420 Throckmorton Street, Suite 1210
        Fort Worth, Texas 76102
        (817) 338-1616 phone
        (817) 338-1610 fax


        /s/ Christopher V. Arisco
        Mark W. Stout
        State Bar I.D. #24008096
        mstout@padfieldstout.com
        Christopher V. Arisco
        State Bar I.D. #24064830
        carisco@padfieldstout.com

        *Attorneys for NextGear*

## CERTIFICATE OF CONFERENCE

    I certify that on February 10, 2023, counsel for NextGear placed a phone call to counsel for Debtor to discuss the relief sought in this Motion. Pursuant to the phone call, Debtor's counsel advised he was opposed to the relief sought in this Motion.

        /s/ Christopher V. Arisco
        Christopher V. Arisco

## **CERTIFICATE OF SERVICE**

The undersigned converted the foregoing document into an electronic image, via portable document format (.pdf), electronically submitted same to the Internet web portal for the Clerk of this Court utilizing the Electronic Management and Electronic Case Filing system of the Court, which has caused service, via Simple Mail Transfer Protocol (e-mail), of a Notice of Electronic Filing of this imaged document to the below-identified parties on Monday, February 13, 2023; said e-mail provides an attributable hyperlink to the document, in portable document format, except for Debtor(s), and any other entity so identified below or on the EM/ECF filing sheet, whereas in that instance such document was mailed via First Class United States Mail, to-wit:

| | |
|---|---|
| **A&R Chavira, LLC**<br>6900 Gateway Blvd. East<br>El Paso, Texas 79915<br><br>*Debtor* | **Carlos A. Miranda**<br>Miranda & Maldonado, P.C.<br>5915 Silver Springs, Bldg. 7<br>El Paso, Texas 79912<br><br>*Attorney for Debtor* |
| **United States Trustee**<br>615 E. Houston, Suite 533<br>San Antonio, Texas 78295 | **All those receiving ECF notification in this case.** |

/s/ Christopher V. Arisco
Christopher V. Arisco