IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 23-30067-hcm |
| A&R CHAVIRA, LLC, | § | |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

## NEXTGEAR CAPITAL, INC,'S UNOPPOSED MOTION FOR EXPEDITED HEARING OF MOTION FOR RELIEF FROM AUTOMATIC STAY REGARDING MOTOR VEHICLE INVENTORY

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

NextGear Capital, Inc. ("NextGear"), files this its Unopposed Motion for Expedited Hearing on Motion for Relief from Automatic Stay Regarding Motor Vehicle Inventory (the "Motion"), and in support thereof would respectfully show the Court the following:

1. NextGear filed its Motion for Relief from Automatic Stay Regarding Motor Vehicle Inventory on February 13, 2023 [Doc. # 13].

2. An expedited hearing is needed because Debtor has sold the SOT Vehicles[1] out of trust and has improperly retained the sales proceeds that Debtor should have otherwise forwarded to NextGear within twenty-four (24) hours of receipt per paragraph 4(f) of the Note; (2) the Missing Vehicles[2] are at risk of being sold out of trust unless NextGear takes immediate action to secure their possession; (3) NextGear is unable to verify whether the Missing Vehicles are being properly stored and maintained; (4) it is unclear whether valid and effective insurance coverage exists as to the Missing Vehicles since they were improperly removed from Debtor's

---

[1] As defined in the Motion for Relief from Stay [Doc. # 13, Para. 8].
[2] As defined in the Motion for Relief from Stay [Doc. # 13, Para. 7].

lot contrary to the terms of the Note; (5) the Remaining Inventory[3] continues to depreciate while it remains in Debtor's possession, custody, and control; and (6) Debtor's conduct jeopardizes and irreparably harms NextGear's security interest securing the Indebtedness under the Note since each Remaining Inventory vehicle that is sold out of trust extinguishes NextGear's security interest in same. Time is of the essence in locating and securing the Missing Vehicles. The Debtor has not equity interest in the Remaining Inventory, as the Indebtedness amount exceeds the fair market value of the Remaining Inventory vehicles. Further, the Remaining Inventory is not necessary for an effective reorganization.

3. Counsel for NextGear placed a call to counsel for Debtor and counsel for Debtor is opposed to the Motion for Relief Stay but in a subsequent e-mail follow-up stated he is **unopposed** to the relief sought in this Motion seeking an expedited hearing.

4. The time estimate for the expedited hearing will be thirty minutes or less.

5. A hearing is needed by February 28, 2023, or as soon as possible per the availabilities of the Court's schedule to insure that the Remaining Inventory is timely and properly secured and protected.

6. Parties for NextGear and the Debtor are generally available anytime over the course of the next two weeks with the exception of the morning of February 16, 2023, and the afternoon of February 23, 2023.

WHEREFORE, NextGear requests that the Motion for Relief from Automatic Stay Regarding Motor Vehicle Inventory be set prior to February 28, 2023, on this Court's docket.

---

[3] As defined in the Motion for Relief from Stay [Doc. # 13, Para. 4].

        **Respectfully submitted,**

        PADFIELD & STOUT, L.L.P.
        420 Throckmorton Street, Suite 1210
        Fort Worth, Texas 76102
        (817) 338-1616 phone
        (817) 338-1610 fax


        /s/ Christopher V. Arisco
        Alan B. Padfield
        State Bar I.D. #00784712
        abp@padfieldstout.com
        Christopher V. Arisco
        State Bar I.D. #24064830
        carisco@padfieldstout.com

        *Attorneys for NextGear*

## CERTIFICATE OF CONFERENCE

    I certify that on February 14, 2023, counsel for NextGear placed a phone call to counsel for Debtor to discuss the relief sought in this Motion. Pursuant to the phone conference, Debtor's counsel is **unopposed** to the relief sought herein.

        /s/ Christopher V. Arisco
        Christopher V. Arisco

## CERTIFICATE OF SERVICE

      The undersigned converted the foregoing document into an electronic image, via portable document format (.pdf), electronically submitted same to the Internet web portal for the Clerk of this Court utilizing the Electronic Management and Electronic Case Filing system of the Court, which has caused service, via Simple Mail Transfer Protocol (e-mail), of a Notice of Electronic Filing of this imaged document to the below-identified parties on Tuesday, February 14, 2023; said e-mail provides an attributable hyperlink to the document, in portable document format, except for Debtor(s), and any other entity so identified below or on the EM/ECF filing sheet, whereas in that instance such document was mailed via First Class United States Mail, to-wit:

| | |
|---|---|
| **A&R Chavira, LLC**<br>6900 Gateway Blvd. East<br>El Paso, Texas 79915<br><br>*Debtor* | **Carlos A. Miranda**<br>Miranda & Maldonado, P.C.<br>5915 Silver Springs, Bldg. 7<br>El Paso, Texas 79912<br><br>*Attorney for Debtor* |
| **United States Trustee**<br>615 E. Houston, Suite 533<br>San Antonio, Texas 78295 | **All those receiving ECF notification in this case.** |

                                    /s/ Christopher V. Arisco
                                    Christopher V. Arisco