IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 23-30067-hcm |
| A&R CHAVIRA, LLC, | § | |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

**NEXTGEAR CAPITAL, INC.'S MOTION FOR EXPEDITED HEARING ON MOTION TO ENJOIN DEBTOR'S IMPROPER USE OF CASH COLLATERAL, MOTION TO APPOINT CHAPTER 11 TRUSTEE, AND MOTION FOR RELIEF FROM AUTOMATIC STAY REGARDING BLANKET LIEN COLLATERAL**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

NextGear Capital, Inc. ("NextGear"), files this its Motion for Expedited Hearing on NextGear's Motion To Enjoin Debtor's Improper Use Of Cash Collateral and Motion To Appoint Chapter 11 Trustee [Doc. # 49] and NextGear's Motion For Relief From Automatic Stay Regarding Blanket Lien Collateral [Doc. # 47] (collectively, the "Motions"), and in support thereof would respectfully show the Court the following:

1. NextGear filed its Motion To Enjoin Debtor's Improper Use Of Cash Collateral and Motion To Appoint Chapter 11 Trustee on March 31, 2023 [Doc. # 49] (the "Motion to Appoint").

2. NextGear filed its Motion for Relief From Automatic Stay Regarding Blanket Lien Collateral [Doc. # 47] on March 30, 2023 (the "Motion for Relief"). A preliminary hearing has been set on NextGear's Motion for Relief for May 10, 2023, at 1:30 p.m. (MT).

3. An expedited hearing is needed on both the Motion to Appoint and Motion for Relief to protect NextGear's cash collateral and other remaining blanket lien collateral consisting of non-floor planned vehicles, in addition to an order enjoining the Debtor from any further or

additional use of NextGear's cash collateral absent proper authorization under 11 U.S.C. § 363. As set forth in both Motions, Debtor has admitted to using cash collateral without first obtaining an order of this Court or seeking the consent of NextGear. It is unclear how much cash collateral has already been spent or used by Debtor.

4. In addition, expedited relief is necessary to preserve any remaining collateral subject to NextGear's blanket lien, including any non-floor-planned vehicles, accounts receivable, or cash collateral that may currently be in Debtor's possession. As set forth in the Motion for Relief, Debtor has sold and disposed of several vehicles out of trust, and given Debtor's unauthorized use of cash collateral, a legitimate concern exists that additional cash collateral or vehicles subject to NextGear's blanket lien may be sold or disposed of by Debtor absent immediate relief from the Court.

5. Counsel for Debtor and counsel for NextGear continue to communicate regarding a potential resolution of the all or a portion of the Motions by agreed order, which would potentially include an accounting of all monies consisting of cash collateral spent by Debtor to date. However, no agreement has been reached resolving either of the Motions at the current time. Nevertheless, counsel for NextGear will continue to explore settlement possibilities prior to any hearing.

6. The time estimate for the expedited hearing will be thirty minutes or less. Since the issues at dispute in both the Motion to Appoint and Motion for Relief substantially overlap, NextGear requests a single hearing setting for the consideration of both Motions.

7. A hearing is needed by April 14, 2023, or as soon as possible per the availabilities of the Court's schedule to insure that NextGear's cash collateral and other blanket lien collateral is timely and properly secured and protected.

WHEREFORE, NextGear requests that an order be entered **GRANTING** this motion to expedite and set the hearings the Motions on an expedited basis for a single hearing setting no later than April 14, 2023, on this Court's docket, and for any additional relief to which NextGear may be entitled.

**Respectfully submitted,**

PADFIELD & STOUT, L.L.P.
420 Throckmorton Street, Suite 1210
Fort Worth, Texas 76102
(817) 338-1616 phone
(817) 338-1610 fax


/s/ Christopher V. Arisco
Alan B. Padfield
State Bar I.D. #00784712
abp@padfieldstout.com
Christopher V. Arisco
State Bar I.D. #24064830
carisco@padfieldstout.com

*Attorneys for NextGear*


## CERTIFICATE OF CONFERENCE

I certify that on March 20, 2023, counsel for NextGear exchanged e-mails with counsel for Debtor on whether Debtor is opposed to the relief sought in this Motion. Pursuant to the exchange of e-mails, counsel for Debtor advised he was opposed to the relief sought.

/s/ Christopher V. Arisco
Christopher V. Arisco

## CERTIFICATE OF SERVICE

      The undersigned converted the foregoing document into an electronic image, via portable document format (.pdf), electronically submitted same to the Internet web portal for the Clerk of this Court utilizing the Electronic Management and Electronic Case Filing system of the Court, which has caused service, via Simple Mail Transfer Protocol (e-mail), of a Notice of Electronic Filing of this imaged document to the below-identified parties on Friday, March 31, 2023; said e-mail provides an attributable hyperlink to the document, in portable document format, except for Debtor(s), and any other entity so identified below or on the EM/ECF filing sheet, whereas in that instance such document was mailed via First Class United States Mail, to-wit:

| | |
|---|---|
| **A&R Chavira, LLC**<br>6900 Gateway Blvd. East<br>El Paso, Texas 79915<br><br>*Debtor* | **Carlos A. Miranda**<br>Miranda & Maldonado, P.C.<br>5915 Silver Springs, Bldg. 7<br>El Paso, Texas 79912<br><br>*Attorney for Debtor* |
| **United States Trustee**<br>615 E. Houston, Suite 533<br>San Antonio, Texas 78295 | **Vehicle Acceptance Corporation**<br>Kemp Smith, LLP<br>**Attn: James W. Brewer**<br>PO Box 2800<br>El Paso, Texas 79999-2800 |
| **All those receiving ECF notification in this case and the attached list of the 20 largest unsecured creditors.** | |

                                        /s/ Christopher V. Arisco
                                        Christopher V. Arisco