Hearing held on 4/12/2023.



**The relief described hereinbelow is SO ORDERED.**

**Signed April 13, 2023.**

_____
**H. CHRISTOPHER MOTT
UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 23-30067-hcm |
| A&R CHAVIRA, LLC, | § | |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

### AGREED ORDER LIFTING AUTOMATIC STAY WITH RESPECT TO NEXTGEAR'S BLANKET LIEN COLLATERAL

Before me came to be heard NextGear Capital, Inc.'s Motion for Relief From Automatic Stay Regarding Blanket Lien Collateral (the "Motion") filed by NextGear Capital, Inc. ("NextGear") seeking an Order pursuant to 11 U.S.C. § 362(d)(1) and/or § 362(d)(2) lifting the automatic stay in the above-captioned Chapter 11 proceeding of the Debtor, A&R Chavira, LLC ("Debtor"), with respect to all remaining assets of Debtor with the exception of vehicle inventory for which Vehicle Acceptance Corporation identified in their Agreed Order Granting Motion Of Vehicle Acceptance Corporation For Relief From Stay Against Property Of The Estate [Doc. # 43] (collectively, the "Blanket Lien Collateral").

The Court FINDS that the Motion was properly filed and served, and that all parties were provided with notice of hearing.

The Court further FINDS and concludes that the Motion was made pursuant to subsections (a), (b), or (c) of Rule 4001(d), Federal Rules of Bankruptcy Procedure, and that the contents of and the notice of the Motion were sufficient to afford reasonable notice of the material provisions of the agreement and an opportunity for a hearing.

The Court further FINDS after consideration of the Motion, any response thereto, the evidence submitted with the court, and the testimony of any witnesses that good, adequate, and sufficient cause has been shown to justify the granting of the relief provided for herein.

The Court further FINDS that NextGear asserts a perfected, first-priority security interest in the Blanket Lien Collateral, including the following vehicles that were not previously financed by Debtor with any specific floor plan lender (the "Blanket Vehicles"):

| Year | Make | VIN |
| --- | --- | --- |
| 2013 | Land Rover | SALSK2D40DA784720 |
| 2011 | BMW | WBAPK5C53BA659276 |
| 2014 | Mercedes Benz | WDDGJ4HB4EG188230 |
| 2003 | Chevrolet | 1G1YY32G635106105 |
| 2006 | Honda | 2HGFG21506H705916 |
| 2004 | BMW | WBANA73524B062641 |
| 2017 | Dodge Challenger | 2C3CDZBT8HH565749 |

Accordingly, it is therefore ORDERED that the automatic stay shall immediately lift with respect to the Blanket Lien Collateral, including the Blanket Vehicles, such that NextGear may take any and all available action under state law to secure, repossess, and foreclose upon such Blanket Lien Collateral.

IT IS FURTHER ORDERED that, pursuant to the relief south in the Motion, the fourteen-day stay is waived and does not apply. See Fed. R. Bankr. P. 4001(a)(3).

###

**AGREED IN FORM:**

| | |
|---|---|
| **Padfield & Stout, LLP** <br> 420 Throckmorton Street, Suite 1210 <br> Fort Worth, Texas 76102 <br> Phone: 817-338-1616 <br> Fax: 817-338-160 <br><br> /s/ Christopher V. Arisco | **Miranda & Maldonado, P.C.** <br> 5915 Silver Springs, Bldg. 7 <br> El Paso, Texas 79912 <br> Phone: 915-587-5000 <br> Fax: 915-587-5001 <br><br> /s/ Carlos A. Miranda |
| Christopher V. Arisco <br> State Bar I.D. # 24064830 <br> carisco@padfieldstout.com <br><br><br> *Attorney for NextGear Capital, Inc.* | Carlos A. Miranda <br> State Bar I.D. # <br> cmiranda@eptxlawyers.com <br><br><br> *Attorney for Debtor* |