Hearing held on 4/12/2023.



**The relief described hereinbelow is SO ORDERED.**

**Signed April 13, 2023.**

_____
**H. CHRISTOPHER MOTT
UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 23-30067-hcm |
| A&R CHAVIRA, LLC, | § | |
| | § | |
| DEBTOR. | § | CHAPTER 11 |

### ORDER GRANTING NEXTGEAR CAPITAL, INC.'S MOTION TO ENJOIN DEBTOR'S IMPROPER USE OF CASH COLLATERAL AND MOTION TO APPOINT CHAPTER 11 TRUSTEE

Before me came to be heard NextGear Capital, Inc.'s Motion to Enjoin Debtor's Improper Use Of Cash Collateral And Motion To Appoint Chapter 11 Trustee (the "Motion") filed by NextGear Capital, Inc. ("NextGear") against A&R Chavira, LLC (the "Debtor"). The Court, having reviewed the Motion and considering argument of counsel for NextGear and Debtor finds that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, further finds that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and further finds that notice of the Motion and notice of the hearing on the Motion was sufficient.

The Court further finds that Debtor has improperly used cash collateral without authorization

and that any continued use of cash collateral by the Debtor will irreparably harm creditors of the bankruptcy estate. The Court further finds that the relief requested in the Motion is in the best interest of the Debtor's Estate, creditors, and other parties in interest, and that good cause has been shown by NextGear for entry of an order granting the relief requested in the Motion. It is therefore

**ORDERED** that the Motion is **GRANTED** per the agreement of the parties as set forth below; it is further

**ORDERED** that Debtor is hereby immediately enjoined and restrained from spending or using any cash collateral for any purpose whatsoever unless and until this Court enters an order authorizing Debtor to use of cash collateral, provided Debtor files a motion seeking use of cash collateral, fully complies with all the requirements of 11 U.S.C. § 363, and demonstrates Debtor has met all statutory conditions and requirements for use of such cash collateral; and it is further

**ORDERED** that Debtor provide counsel for NextGear, Christopher V. Arisco via e-mail at carisco@padfieldstout.com within seven (7) days upon entry of this Agreed Order a report (the "Cash Collateral Report") itemizing the use of any cash collateral by Debtor after the bankruptcy petition date of January 24, 2023, whereby Debtor must identify and disclose in such report for each transaction in which cash collateral was used: (a) the amount of cash collateral used or paid by Debtor; (b) the party receiving the cash collateral; (c) the manner in which cash collateral was paid (i.e., cash, check, wire); (d) the date the cash collateral was paid; and (e) the purpose the cash collateral was paid to such party, with such Cash Collateral Report being signed and certified by the Debtor under oath as being true and correct; it is further

**ORDERED** that Debtor shall provide to counsel for NextGear, Christopher V. Arisco via e-mail at carisco@padfieldstout.com within fourteen (14) days upon entry of this Agreed Order Debtor's monthly bank statements reflecting any and all transactions from January 24, 2023, to present; it is further

**ORDERED** that, to the extent unencumbered funds belonging to the Debtor exist, Debtor shall deposit and escrow an amount of cash to Debtor's account equivalent to the amount of cash collateral of NextGear paid or used according to the Cash Collateral Report (the "Recovered Escrowed Funds") such that all cash collateral funds that were improperly spent or used by Debtor subsequent to the Petition Date are replenished in full within fourteen (14) days of this Order and Debtor provides written proof of deposit and escrow with Debtor's financial institution to counsel for NextGear via e-mail at carisco@padfieldstout.com, and Debtor shall not use or disburse the Recovered Escrowed Funds until further order of this Court; it is further

**ORDERED** that the Court shall retain jurisdiction to enforce or interpret this Order; it is further

**ORDERED** that the request to appoint a Chapter 11 Trustee is denied without prejudice.

###

**APPROVED AS TO FORM:**

| | |
|---|---|
| **Miranda & Maldonado, P.C.**<br>5915 Silver Springs, Bldg. 7<br>El Paso, Texas 79912<br>Phone: 915-587-5000<br>Fax: 915-587-5001<br><br>/s/ Carlos A. Miranda<br>―――――――――――――――<br>Carlos A. Miranda<br>State Bar I.D. #<br>cmiranda@eptxlawyers.com<br><br><br>*Attorney for Debtor* | |